[No. 588.  ·August 21, 1894.]

# TERRITORY OF NEW MEXICO, APPELLEE, v. ROBERT L. McFARLANE, APPELLANT.

CRIMINAL LAW—HOMICIDE—MURDER—CONTINUANCE.—Where, on a motion for continuance, in a murder case, the affidavit set out, among other things, the failure of defendant to secure the attendance of material witnesses in his behalf, and the court thereupon ordered compulsory process to be issued to secure their attendance, and on the day set for trial it appeared that the attendance of some of the witnesses had not been secured, and defendant renewed his motion and affidavit for a continuance to the next term, which was denied, and he then asked leave to amend his motion, which was also denied, though the affidavit contained statements which, if true and established on the trial by proper evidence would have made out for defendant a clear case of excusable homicide in self-defense, but there was nothing in the record to sustain such statements, except the ex parte affidavit of defendant, there was no abuse of the court's discretion; and, where there is no such abuse, this court will not interfere.

ID.—EXCEPTION, ON CHALLENGE, TO ARRAY OF JURY.—The mere allegations, in a motion challenging the array of the regular panel of the jury, that the jury list had not been revised by the county assessor, and a new list furnished the clerk of the court, as designated by the statute, is no sufficient ground for reversal where the record does not disclose that the defendant has in any way been prejudiced thereby.

ID.—PRODUCTION OF TESTIMONY TAKEN AT PRELIMINARY HEARING.—It was not error, in such case, to refuse a motion to require the production of the testimony, taken at the preliminary hearing, for the inspection of the defendant.

ID.—FORM OF VERDICT.—Nor was it error not to have furnished the jury with a form of verdict.

APPEAL from the Fifth Judicial District Court, Lincoln County, convicting defendant of murder in the second degree.   Judgment affirmed.

The facts are stated in the opinion of the court.

W. C. HEACOCK for appellant.

The court erred in refusing to grant a continuance on the first application and affidavit of defendant. The statute being fully complied with, the only question for the court was its legal sufficiency. Secs. 2049, 2050, Comp. Laws; Kinney v. Territory, 3 N. M. (Gil.) 656.

The court erred in refusing the second application for continuance, the affidavit being in proper legal form, and all the requirements of the statute having been complied with. The absence of witnesses whose testimony is material is good cause for continuance. Secs. 2049, 2050, Comp. Laws; Kinney v. Territory, 3 N. M. (Gil.) 656; Bowlin v. Com., 22 S.W. Rep. 543; Harrington v. State, 21 Id. 356.

The court erred in refusing to grant the application for the reason that the discretion of the trial judge ceases when he determines the legal sufficiency of the affidavit, and the truth or falsity of the matter sworn to can not be inquired into. State v. McGuire, 69 Mo. 197.

The court erred in refusing the continuance when the facts stated in the affidavit were material. Moreno v. State, 21 S. W. Rep. 924.

The facts set forth as the evidence which the absent witnesses would swear to were material. Hyden v. State, 20 S. W. Rep. 764; People v. Ah Lee Doon, 31 Pac. Rep. 933.

EDWARD L. BARTLETT, solicitor general, for the territory.

This court has repeatedly held, in both criminal and civil cases, that the overruling of a motion for a continuance is a matter resting in the sound discretion of the trial court, and that, unless the record discloses such an abuse of discretion under the circumstances as

will justify the court in disturbing the judgment, this court will not interfere.    Thomas v. McCormick, 1 N. M. 371; Territory v. Kelly, 2 Id. 301; Faulkner v. Territory, 6 Id. 476; T., S. F., & N. R. R. Co. v. Saxton, 7 N. M. 304.

LAUGHLIN, J.—The defendant in the court below, and appellant here, was indicted by the grand jury of Socorro county at the May, 1893, term of that court, for murder in the first degree of one Atanasio Vasquez, charging the defendant with having shot and killed the deceased in a saloon at San Marcial, in said county, on the fourth day of July, 1892.    At that term the defendant filed his motion for a change of venue from Socorro county, and the motion was granted, and the venue was changed to Lincoln county.    At the March, 1894, term of court for that county, the defendant filed a motion and affidavit for a continuance on the nineteenth day of the month and the eighth day of the term, which motion was denied, and the trial was postponed until the twenty-seventh day of that month. The affidavit set out, among other things, the failure on the part of the defendant to secure the attendance of material witnesses in behalf of the defendant.    The court thereupon ordered compulsory process to be issued to secure the attendance of the witnesses in behalf of the defendant.    On the day set for the trial, it appears that the attendance of some of the witnesses had not been secured, and the defendant renewed his motion and affidavit for a continuance to the next term, which was denied, and he then asked leave to amend his motion, which was also denied by the court.    Both parties then announced themselves ready, and the trial proceeded; and, after eight jurors had been accepted and passed for cause, the regular panel became exhausted, and the court drew the names of thirty persons from the jury box, in the manner provided by

law, and special venire was issued for the persons whose names were so drawn; and thereupon the defendant filed a motion challenging the array of the regular panel, in which motion it was charged that the jury list had not been revised each year, as required by law. Defendant also filed a motion to require the territory to produce the testimony taken at the preliminary hearing before the justice of the peace, for the inspection of defendant at the trial, both of which motions were denied, to all of which rulings of the court the defendant duly excepted. At the conclusion of the testimony, the court charged the jury fully on the law of murder in the first, second, and third degrees, and as to the form of their verdict in the event that they should find in the first or second degree, but did not charge as to the form of the verdict in the third degree; and the defendant excepted as to the omission of the court to so charge as to the form of the verdict in the third degree. The jury found the defendant guilty in the second degree (eight of the jurors recommending the defendant to the clemency of the court), and the court passed sentence, and fixed the punishment at twenty-one years in the penitentiary. These are substantially the facts as they appear from the record before us on the appeal. The record, as presented, is only a skeleton of the proceedings, consisting of the motions for continuance, challenge to the array of the regular panel of the jury, and for the production of the testimony at the preliminary hearing, and the charge of the court to the jury. The record does not contain any of the testimony given on the trial, and was not filed in this court until the fourth day of the term, although the statute requires that it be immediately sent up by the clerk of the lower court. There is no bill of exceptions and no assignment of errors filed with the record in the case, and the case is here on the record

as above stated, and this court must pass upon the case from that record only.

The first ground relied on for reversal is that the court denied the motion for continuance.    We can not sustain this contention.    There is nothing in the record to show that the witnesses whose presence was required to testify in behalf of the defendant were or were not present at the trial; and though the affidavit, as sworn to by the defendant, but unsupported by any proofs as to what defendant expected to prove by the witnesses therein named, contains statements which, if true and established on the trial by proper evidence, would make out for the defendant a clear case of justifiable homicide in self-defense, yet there is nothing in the record to sustain said statements, except the affidavit of the defendant made ex parte and in his own behalf.    The rule of practice and decision in this court has been for more than thirty years to affirm judgments in the lower courts where the point relied upon involved the discretion of the trial judge, unless it should appear from the face of the record that that discretion had been grossly abused, to the injury of the appellant.    In this case the record fails to disclose any abuse of discretion, and we do not believe there was any such abuse of a sound discretion on the part of the trial judge, who had all the facts and circumstances before him, when his rulings were made with the whole proceeding fresh in his mind.    The granting or refusing of a motion for continuance is always addressed to the sound discretion of the judge hearing the cause, and, as a rule, is not reversible on appeal.    Thomas v. McCormick, 1 N. M. 371; Territory v. Kelly, 2 N. M. 301; Faulkner v. Territory, 6 N. M. 476; T., S. F. & N. Railroad Co. v. Saxton, 7 Id. 304.    And many other decisions of this court might be cited upon the same point.

It must be remembered that the defendant secured

*MURDER: continuance.*

the change of venue from the county where the crime
was committed to a far distant county of his own mo-
tion, and in his motion for continuance he charges that
the deceased was regarded by the people who knew
him as a man of bad character, as dangerous, and a
"desperado;" and his object therefore, for removing
the trial from Socorro county, could not have been on
the ground of a prejudice against him (the defendant)
and a bias in favor of the deceased. It must, then, be
inferentially presumed, that his object was to delay his
trial as long as possible. The inference of this pre-
sumption is further borne out from the fact that, so far
as the record shows, he made no effort to secure the
attendance of the witnesses he desired until within a
very few days before the term of court at which his
case was coming on for trial, although he knew the
long distance from the place of residence of his wit-
nesses to the place where he had by his change of
venue selected for his trial. In fact, the record dis-
closes no diligence on the part of the defendant to war-
rant the consideration of his motion for continuance.
This, as an appellate court, can not be used as a means
by which persons charged with crime can escape a
speedy and fair trial by a change of venue and motions
for continuances until the witnesses depart the jurisdic-
tion of the court by death or otherwise, and the ac-
cused thereby evade their just deserts for crime com-
mitted in their criminal disregard of human life, and·
that, too, on their own oaths, unsupported by any
other evidence. It is held here that, when a man
shows such a disregard of human life as to commit a
willful murder, he will not be permitted· to escape a
speedy trial by adding to that the offense of perjury,
and that it will not be regarded as an abuse of sound
discretion if the trial judge denies a motion for contin-
uance unsupported by other evidence than the ex parte
oath of the defendant himself.

The next ground for consideration is the exception on the challenge to the array of the regular panel of the jury.   This point is not well taken, because there EXCEPTION, on    is nothing in the record to show that the challenge, to ar-
ray of jury.    defendant did not have a fair and impartial trial by a jury of good and lawful men of that county; and, until something appears of record to the contrary, the presumption is that the trial was fair and regular, and in full compliance with the statutes on the subject.   The mere allegation in the motion that the jury list had not been revised by the assessor of the county, and a new list furnished the clerk of the court, as designated by the statute, is not sufficient ground for reversal, without some showing in the record that the defendant in some material way suffered injury. This must be made to appear in some authentic manner before the trial court, that he may pass upon it advisedly.

The third ground is on the exception to refusing the motion to require the production of the testimony PRODUCTION of    taken before the justice of the peace for the testimony taken
at prelimi-    inspection of defendant at the trial.   We nary hearing.    know of no statute requiring the production of the testimony on preliminary hearings for the inspection of the defendant, and the ruling of the trial judge on that point is sustained.

The fourth and last ground for reversal is, that the judge, in his charge to the jury, did not charge as to the form of verdict in the third degree. FORM of verdict.   The court charged the jury fully as to the law of murder in the third degree; and, if the jury had found the evidence justified it, they could, and no doubt would, have so returned a verdict in that degree.   We know of no law which requires a court to furnish the jury a form for their verdict in any degree.

The record in cases of this character should disclose all the proceedings in the court below, in order

that this court may be able to pass upon the whole case from the record. For the reasons herein given, the court is of the opinion that there is no error in the record sufficient to reverse the case, and the judgment of the court below is therefore affirmed; and it is so ordered.

SMITH, C. J., and FALL and COLLIER, JJ., concur.