## PEOPLE v. GLASER.

### (Supreme Court, Trial Term, Queens County. May, 1908.)

CRIMINAL LAW—SETTING ASIDE INDICTMENT—INSPECTION OF GRAND JURY MINUTES—MOVING PAPERS.

The court being without authority, on a motion to set aside an indictment, to review the sufficiency of the evidence on which it was found, it not being indicated on the application that there was no legal or competent evidence to sustain the charge, or that defendant was compelled to testify against himself, in violation of his constitutional right, motion for permission to inspect the minutes of the grand jury for the purpose, as indicated by the accompanying affidavit, of moving to set aside the indictment on the ground that it was found on insufficient evidence, will be denied.

George L. Glaser, having been indicted, moves for permission to inspect the minutes of the grand jury. Motion denied.

William Willett, Jr. (Charles S. Whitman, of counsel), for the motion.

Wm. Schuyler Jackson, Atty. Gen. (Joseph ·D. Edelson, Deputy Atty. Gen., of counsel), for the People.

GARRETSON, J. The defendant has been indicted by the grand jury of the county for the crime of perjury. By permission of the court he has withdrawn his plea of not guilty, heretofore interposed, and moves for an order directing that he be furnished with a copy of the evidence taken before the grand jury, and upon which the indictment was found.

The notice of motion fails to specify the purpose for which the copy of the minutes is desired; but it is gathered from the affidavit of the defendant, forming part of the moving papers, that it is that he may hereafter move to set aside said indictment. From the source last mentioned, it is also ascertained that the sole ground of the motion intended to be made to set aside the indictment, provided access is had by him to the minutes of the grand jury, is that the indictment was found upon insufficient testimony. The defendant and his co-affiants detail in their affidavits, respectively, what each says he testified to before the grand jury, and these affidavits constitute the papers presented on this motion. The Code of Criminal Procedure (section 313) provides that:

"The indictment must be set aside by the court in which the defendant is arraigned, and upon his motion, in either of the following cases, but in no other: (1) When it is not found, indorsed and presented as prescribed in sections two hundred and sixty-eight and two hundred and seventy-two. (2) When a person has been permitted to be present during the session of the grand jury, while the charge embraced in the indictment was under consideration, except as provided in sections two hundred and sixty-two, two hundred and sixty-three and two hundred and sixty-four."

In the case of People v. Glen, 173 N. Y. 395, 66 N. E. 112, it was held that the restrictive words, "but in no other," contained in this section, while valid as relating to matters of procedure, are of no force and void in so far as they may tend to destroy, curtail, affect,

112 N.Y.S.—21

or ignore the constitutional rights of a defendant. In the case cited it was also said:

"Our courts have always asserted and exercised the power to set aside indictments, whenever it has been made to appear that they have been found without evidence, or upon illegal or incompetent testimony. This power is based upon the inherent right and duty of the courts to protect the citizen in his constitutional prerogatives and to prevent oppression or persecution."

It is not claimed that any act or omission of the grand jury adversely affected the defendant's rights under either subdivision of the section; but presumably it is intended to be claimed that some constitutional right of the defendant has been invaded or impaired, and that the minutes will show this upon inspection. But the defendant wholly fails to specify what right secured to him by the Constitution has been trespassed upon. It is a presumption of law that the indictment was properly found and upon legal and sufficient evidence. This presumption is not overcome by a mere assertion to the contrary. The defendant and his co-affiants have set forth at length what each now says he testified to before the grand jury, and together have undertaken to give what they say are the facts concerning the matter out of which the indictment arose; and the defendant thereupon avers:

"It is plain that, unless the minutes of the grand jury contain evidence concerning which I have no information, the indictment against me was founded upon insufficient testimony; and, in order to be in a position to take advantage of this fact by moving to set aside the said indictment, I respectfully pray the court," etc.

Without indicating what these affiants' statements show, as bearing upon the sufficiency or insufficiency of the testimony said to have been given before the grand jury, it is enough to say that in my opinion the court is not authorized, upon a motion to set aside an indictment, to review the sufficiency of the evidence upon which the indictment was found. This, however, does not apply to a case where it is indicated upon the application that there was no legal or competent evidence to sustain the charge, or that the defendant was compelled to testify against himself in violation of his constitutional right. It follows, therefore, that there is no disclosed reason why the defendant should have a copy of the minutes of the grand jury, and that the exercise of judicial discretion does not require the granting of the motion.

In reaching the conclusion hereon I have not ignored or been unmindful of the opinions and rulings of courts of co-ordinate criminal jurisdiction, particularly the General Sessions in and for the County of New York, but have followed the views long entertained by me upon the principal questions involved, and which are substantially in harmony with those expressed by Kenefick, J., in People v. Steinhard, 47 Misc. Rep. 252, 93 N. Y. Supp. 1026.

Motion denied.