### PEOPLE v. GASSETT.

(Supreme Court, Special Term, Erie County. October, 1908.)

1. CRIMINAL LAW—INSPECTION OF GRAND JURY MINUTES.

Inspection of the minutes of the grand jury can never be had as a matter of right, and does not depend on whether or not a preliminary examination has been had.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 1431.]

2. SAME.

The sole purpose for which an inspection of the minutes of the grand jury can be granted is to enable accused to move to set aside the indictment for reasons specified in Code Cr. Proc. § 313, or where his constitutional rights have been invaded.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 1431.]

3. INDICTMENT AND INFORMATION—SETTING ASIDE INDICTMENT—GROUNDS—INSUFFICIECY OF EVIDENCE.

To give accused a constitutional right to move to dismiss the indictment for the insufficiency of the legal evidence, it must appear that the legal evidence received by the grand jury was insufficient, or that illegal evidence was the sole basis for the indictment.

4. SAME—PRESUMPTIONS.

The presumption is that an indictment was properly found and on legal and sufficient evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indictment and Information, § 56.]

5. CRIMINAL LAW—INSPECTION OF GRAND JURY MINUTES—GROUNDS.

Where, on a motion for an inspection of the minutes of the grand jury on the ground that an inspection might disclose that accused's constitutional rights were invaded, in that he was compelled to be a witness against himself before the magistrate and that such evidence was used before the grand jury, it did not appear that the legal evidence received by the grand jury was insufficient, and the affidavit of the district attorney averred that none of the evidence of accused taken before the magistrate was used before the grand jury, the motion must be denied.

George G. Gassett was indicted for murder in the first degree. On motion for permission to inspect the minutes of the grand jury. Motion denied.

Burt G. Stockwell, for the motion.
Fred M. Ackerson, Dist. Atty., opposed.

POUND, J. It seems to be the well-settled rule in this state that inspection of the minutes of the grand jury can never be had as a matter of right and does not depend upon whether or not a preliminary examination has been had. People v. Steinhardt, 47 Misc. Rep. 252, 93 N. Y. Supp. 1026; Matter of Montgomery, 126 App. Div. 72, 110 N. Y. Supp. 793. The sole purpose for which an inspection of the

minutes can be granted is to enable defendant to make a motion to set aside the indictment for reasons stated in Code Cr. Proc. § 313, or where his constitutional rights have been invaded. People v. Glen, 173 N. Y. 395, 66 N. E. 112.

This motion is made on the ground that an inspection of the minutes may disclose that defendant's constitutional rights have been invaded, in that he had been illegally compelled to be a witness against himself before the magistrate, and that it is thought that such evidence was used before the grand jury. It is not indicated on this application that the legal evidence received by the grand jury was insufficient to support the indictment, or that illegal evidence is the sole basis for the indictment. This must appear, in order to give the person indicted a constitutional right to make a motion to dismiss. People v. Sexton, 187 N. Y. 495, 80 N. E. 396, 116 Am. St. Rep. 621.

The presumption is that the indictment was properly found and upon legal and sufficient evidence. People v. Glaser (Sup.) 112 N. Y. Supp. 321. No proof is presented here to overturn such presumption. Defendant was not compelled to testify before the grand jury. The affidavit of the district attorney avers that none of the evidence of defendant, taken on the John Doe proceedings before the magistrate, was used before the grand jury. As Justice Kenefick says, in the Steinhardt Case, supra, the privilege is extraordinary, should be confined within narrow bounds, and should only be accorded in exceptional cases. In his reasoning I fully concur, although I am aware that opinions and rulings not in harmony therewith may be found.

Motion denied.