## UNITED STATES v. VIOLON.

(Circuit Court, S. D. New York. August 6, 1909.)

CRIMINAL LAW (§ 627½*)—IMPEACHMENT OF INDICTMENT—RIGHT TO INSPECT MINUTES OF GRAND JURY.

A defendant, indicted by a grand jury, is not entitled to an inspection of its minutes to ascertain the sufficiency of the evidence on which the indictment was based, since, if insufficient, the court has no power to grant redress.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1431; Dec. Dig. § 627½.*]

Indictment of Emile Violon for violation of Immigration Act Feb. 20, 1907, c. 1134, § 3, 34 Stat. 899 (U. S. Comp. St. Supp. 1907, p.

392). On motion for inspection of minutes of grand jury. Motion denied.

Henry A. Wise, U. S. Atty., and Daniel D. Walton, Jr., Asst. U. S. Atty.:

Ernest H. Wallace, for defendant.

HAND, District Judge. I cannot satisfactorily speculate upon the evidence which must have been before the grand jury, nor will I either myself inspect, or permit another to inspect, its minutes. The grand jury is designed to protect the citizen from baseless accusation; but he has no other protection than its proper action. If it has been moved by insufficient evidence, or has failed to consider all the evidence, it is an injustice which the court cannot, and should not seek to, redress. There is no precedent, so far as I can find, for such control of the grand jury, and I am the last who would initiate it. The institution must stand, as the conscience of the citizens called to it dictates. The case in 16 Federal Reporter (United States v. Kilpatrick [D. C.] 16 Fed. 765) I am not disposed to follow. Of course, a case of misconduct within the grand jury room, as the use of liquors, or the like, might raise a very different question.

Motion denied.