UNITED STATES v. RUBIN et al.

(District Court, D. Connecticut. June 3, 1914.)

No. 247.

CRIMINAL LAW. (§ 627½*)—IMPEACHMENT OF INDICTMENT—RIGHT TO INSPECT MINUTES OF GRAND JURY.

A defendant is not entitled to an order for the inspection of the minutes of the grand jury; but where a motion therefor alleges, and is supported by affidavits tending to show, that the indictment was found without any legal evidence to support it, such allegations should be answered, and a hearing had upon the issues joined.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1431, 1434, 1435; Dec. Dig. § 627½.*]

Criminal prosecution by the United States against Philip Rubin and others. On motion by defendants for an order for inspection of the grand jury minutes. Denied.

Frederick A. Scott, of Hartford, Conn., for the United States.

Benjamin Slade, of New Haven, Conn., Edward L. Seery, of Waterbury, Conn., and Alfred Frankenthaler and Max Monfried, both of New York City, for defendants.

THOMAS, District Judge. The defendant Philip Rubin and nine others have been jointly indicted by the grand jury for unlawfully and knowingly conspiring together to commit an offense against the United States; that is to say, the offense denounced by section 29b (1) of the Bankruptcy Act approved July 1, 1898 (30 Stat. 554, c. 541 [U. S. Comp. St. 1901, p. 3433]). Motions on behalf of all defendants, represented by various attorneys (excepting Louis Glickman), were made for an order for the inspection of the grand jury minutes. In denying the various motions I am guided by the opinion of Judge Hand, of this circuit, as found in the case of United States v. Violon (C. C.) 173 Fed. 502, in which he said:

"I cannot satisfactorily speculate upon the evidence which must have been before the grand jury, nor will I either myself inspect, or permit another to inspect, its minutes. The grand jury is designed to protect the citizen from baseless accusation; but he has no other protection than its proper action. If it has been moved by insufficient evidence, or has failed to consider all the evidence, it is an injustice which the court cannot, and should not seek to, redress. There is no precedent, so far as I can find, for such control of the grand jury, and I am the last who would initiate it."

In support of the motions the moving defendants have filed affidavits which set out certain facts as a basis for the granting of said motions. No answer was filed by the government, and a hearing was had upon the motions and without evidence being introduced by either the government or any of the defendants. The controversy with reference to the facts set out in the motion papers was between counsel on both sides. I find that sufficient facts are set up which should be answered. The government did not file an answer with reference to

the allegations contained in the motions, but, on the contrary, the learned district attorney, upon argument of this motion, admitted in open court certain facts referred to and set out in the motion papers. In United States v. Kilpatrick (D. C.) 16 Fed. on page 774, Judge Dick said:

"If a bill of indictment be found without evidence, or upon illegal evidence, or for any improper conduct of the jury, or for any improper influence brought to bear upon the jury, such matters may be pleaded in abatement, or may be ground for quashing an indictment, but cannot be availed of by motion in arrest. All such objections must be made before a trial."

The complete protection of the rights of citizens must necessarily commence and does commence at the inception of any criminal proceeding. It not infrequently happens that persons are accused of crime, even though their complete innocence is ultimately satisfactorily established. An unblemished reputation is a valuable asset to every individual, and experience has shown that great harm may flow to one unjustly accused, even though such person ultimately establishes his innocence. These reasons are sufficient to sustain the doctrine that the grand jury is forbidden to make an accusation against a person without legal evidence to support it. U. S. v. Heinze (C. C.) 177 Fed. 770; U. S. v. Rosenthal (C. C.) 121 Fed. 862; U. S. v. Edgerton (D. C.) 80 Fed. 375.

Upon the facts set out in the motion papers and the statements made by the learned district attorney, I would be remiss in my duty if I did not, in this memorandum, suggest that a hearing should be had before the court, upon issue joined, respecting the facts alleged in the present motion. The moving defendants request an inspection of the grand jury minutes to lay a support for a motion to quash the indictment or to plead in abatement. In view of the finding of the court bearing upon these questions, the motions of the various defendants are denied.

Let an order to that effect be entered.