THE PEOPLE OF THE STATE OF NEW YORK *v.* GEORGE W. JAKEWAY, Defendant.

(County Court, Chemung County, December, 1914.)

Indictment — charging crime of abandoning infant — jurisdiction of grand jury — when motion to set aside indictment denied — Penal Law, § 480.

Where defendant by indictment was charged with the crime of abandoning his seven-year old child in destitute circumstances, in violation of section 480 of the Penal Law, at a certain place within the jurisdiction of the grand jury, and his claim, as set forth in the moving papers for leave to inspect the minutes

of the grand jury for the purpose of enabling him to move to set aside the indictment, amounts to a defense to the charge but not proof that the grand jury did not have sufficient evidence before it to indict nor that his constitutional rights had been invaded, the motion will be denied.

The fact that there was no preliminary hearing before a magistrate was not a controlling circumstance on the motion.

MOTION to inspect minutes of the grand jury.

Thomas M. Losie, for motion.

Ely W. Personius, district attorney, opposed.

SWARTWOOD, J. This is a motion for leave to inspect the minutes of the grand jury containing the evidence upon which the indictment herein was found, for the purpose of enabling the defendant to move to set aside the indictment.

The indictment charges the defendant with the crime of abandoning his child in destitute circumstances, in violation of section 480 of the Penal Law, at the village of Elmira Heights, Chemung county, N. Y., on December 28, 1913, the child then being seven years of age.

The indictment was found by the grand jury at the term of the Supreme Court which commenced January 26, 1914.

The witnesses before the grand jury were the defendant's wife and I. P. Huff.

The moving papers show that on or about the 17th day of August, 1913, while the defendant and his wife and child were living in Indianapolis, Ind., and while the defendant was temporarily absent from home in the course of his employment, his wife departed from their said place of residence, taking the child with her, and went to Athens, Penn., to visit her relatives; that at the request of the defendant's wife he provided her with fifty dollars per month during the months of September, October and November, 1913, for the support

and maintenance of herself and child; that during the month of December the defendant failed to provide any money for her support and thereafter up to the time of the finding of the indictment failed to provide her with any money.

On or about the 22d day of December, 1913, the defendant came to the village of Elmira Heights for the purpose of visiting his parents.

It appears that on the 28th day of December, 1913, the defendant and his wife had a conversation at Elmira Heights, in which the wife asked for a continuance of the payment by the defendant of fifty dollars per month, presumably, for the support of herself and child, but the defendant refused to agree to pay her any sum, and did not thereafter pay her any sum. I. P. Huff, who was a witness before the grand jury, was present at this conversation.

It does not appear that the defendant subsequently to the time of this interview, and prior to the time of his indictment, attempted in any way to provide support for his child.

Section 480 of the Penal Law provides as follows: "A parent or other person charged with the care or custody for nurture or education of a child under the age of sixteen years, who abandons the child in destitute circumstances and wilfully omits to furnish necessary and proper food, clothing or shelter for such child is guilty of felony, punishable by imprisonment for not more than two years, or by a fine not to exceed one thousand dollars, or by both. In case a fine is imposed the same may be applied in the discretion of the court to the support of such child. Proof of the abandonment of such child in destitute circumstances and omission to furnish necessary and proper food, clothing or shelter is prima facie evidence that such omission is wilful."

This section was passed upon in the somewhat similar case of *People* v. *Lewis,* 132 App. Div. 256, in which the court laid down the following rule: " It is true that leaving a child in proper care is not necessarily an abandonment for it may be compelled by a variety of sufficient reasons.  But if after having lawfully and for sufficient reasons left his family and furnished money and arranged for their care and protection, a father wilfully and voluntarily discontinues all provisions for them and as a result his children are left in destitute circumstances the statute is then violated, although at the time of its violation the parent is actually separated from his children. (*Brown* v. *State,* 122 Ga. 568.)  The defendant's crime was, therefore, complete at the time charged in the indictment as amended.  The assertion that his wife refused to live with him, even if true, offers no defense to the charge of a crime against the children."

The defendant claims that he did not abandon the child and that the child was not destitute.  He also claims that his wife deserted him and took the child with her and refused to allow him to have the child; but he must also have known that the child might become destitute by reason of his failure to provide for him.

The defendant's claim amounts to a defense to the charge, but is not proof that the grand jury did not have sufficient evidence before it to indict, nor that his constitutional rights have been invaded.  The testimony of the witnesses before the grand jury as to what took place at the interview between defendant and his wife on December twenty-eighth and prior and subsequent thereto may be entirely different from the defendant's version of those transactions, thereby raising a question of fact to be determined on a trial and not by the court on this motion.

County Court, Chemung County, December, 1914.  [Vol. 88.

As was said by Judge Kenefick in *People* v. *Steinhardt,* 47 Misc. Rep. 259.  '' I cannot reconcile myself to the soundness of the cases which decide that the court is authorized to review the sufficiency of the evidence upon which the indictment is based.  This is in effect substituting the judgment of the court for that of the grand jury, and thus destroying the character of that body as an independent judicial institution.

'' Nor do I approve of the principle laid down in some of the above cases, that, assuming there is sufficient competent evidence to sustain the charge, the court has the power to determine whether some illegal evidence which has been received has not improperly influenced the finding of an indictment.  The latter ruling applies the principle adopted by the appellate courts in reviewing a judgment of conviction and entirely loses sight of the fact that the grand jury is an investigating and accusing body against whose finding the presumption of innocence still prevails.  If these rigid rules are to be applied to the proceedings before a grand jury, its usefulness as an investigating tribunal is greatly impaired.''

I agree with the defendant's counsel that in this case it would have been proper to have had a preliminary hearing before a magistrate, but the fact that none was had is not, under the weight of authority, a controlling circumstance on a motion of this character: ''As the sole ground for motions of this character is to enable the defendant to move to set aside the indictment * * * it is difficult to understand how the holding of the preliminary hearing, or its omission, can have any legitimate bearing in determining the right of inspection.'' *People* v. *Steinhardt,* 47 Misc. Rep. 263.

The motion is, therefore, denied.

Motion denied.