STATE EX REL. SCHROEDER, Appellant, vs. PAGE and another, District Judges, Respondents.

*December 11, 1931—January 12, 1932.*

For the appellant there was a brief by *Swietlik & Burns* of Milwaukee, and oral argument by *George A. Burns.*

For the respondents there was a brief by the *Attorney General, George A. Bowman,* district attorney of Milwaukee county, and *Walter J. Hofer,* deputy district attorney, and oral argument by *Mr. Bowman* and *Mr. Hofer.*

WICKHEM, J. The question presented in this case is whether sec. 361.27, Stats., requires the evidence taken in

proceedings under sec. 361.02 to be certified and returned to the clerk of the court. Sec. 361.27 provides:

"All examinations, evidence and recognizances taken by any magistrate in pursuance of the provisions of this chapter shall be certified and returned by him to the clerk of the court before which the party charged is bound to appear, within ten days after the close of such examination; and if such magistrate shall neglect or refuse to return the same he may be compelled to do so forthwith by rule of the court, and in case of disobedience may be proceeded against by attachment as for contempt; and for such neglect he shall be liable to a penalty of twenty dollars, to be collected in an action against him as other penalties are collected."

Sec. 361.02 provides:

"Upon complaint made to any such magistrate that a criminal offense has been committed, he shall examine, on oath, the complainant and any witness produced by him, and shall reduce the complaint to writing and shall cause the same to be subscribed by the complainant; and if it shall appear that any such offense has been committed the magistrate shall issue a warrant reciting the substance of the accusation, and requiring the officer to whom it shall be directed forthwith to take the person accused and bring him before the said magistrate, or before some other magistrate of the county, to be dealt with according to law; and in the same warrant may require the officer to summon such witnesses as shall be therein named to appear and give evidence on the examination."

It is the contention of the petitioner that sec. 361.27 applies to proceedings under sec. 361.02 because it is made expressly to apply to every examination in pursuance of the provisions of ch. 361.

We have concluded that this contention is without merit. It is contended by the district attorney, and conceded by the petitioner, that sec. 361.02 does not require the magistrate in a proceeding thereunder to reduce the testimony to writing. Obviously, therefore, the provisions of sec. 361.27 could not be given the literal meaning claimed for it by

petitioner, because it could not be so construed as to compel a magistrate to certify and return evidence which he had not committed to writing. Nor could it have been intended to require of the magistrate the certification and return of evidence which the magistrate was not bound to reduce to such form as would render it capable of being certified and returned. Further than this, it is provided in sec. 361.27 that the return is to be made to the clerk of the court before which the party charged is bound to appear. Sec. 361.02 provides a procedure to ascertain whether a warrant shall issue, and until the conclusion of the proceedings and the issuance of a warrant, which closes the proceedings, there is no person charged with crime. Consequently the reference in sec. 361.27 to the "person charged" indicates its inapplicability to proceedings under sec. 361.02. Quite a different situation obtains where the person charged with crime is subjected to a preliminary examination. There the evidence is required to be reduced to writing and falls literally within the provisions of sec. 361.27. Sec. 361.02 was passed for the purpose of eliminating a well-recognized evil. As stated in *State ex rel. Long v. Keyes,* 75 Wis. 288, 44 N. W. 13:

"When this statute was first enacted the common-law practice was for the magistrate to issue the warrant on a complaint of mere suspicion, and he was protected in doing so. This was found to be a very unsafe practice. Many arrests were made on groundless suspicion, when the accused were innocent of the crime, and there was no testimony whatever against them. The law delights as much in the protection of the innocent as in the punishment of the guilty. This statute was made to protect citizens from arrest and imprisonment on frivolous and groundless suspicion."

The method of doing this is to have a hearing to determine whether a warrant shall issue and criminal proceedings be initiated. The statute is for the protection of the person

complained against. The discretion to reduce the proceedings to writing is primarily for the protection of the magistrate himself. It is suggested that such a construction operates unfairly to handicap the accused in the preparation of his defense. If this were true, it would not warrant this court in giving to sec. 361.27 a meaning and scope which it plainly will not bear. Moreover, the rule is well established that "one accused of crime enjoys no right to an inspection of the evidence relied upon by the public authorities for his conviction." *State ex rel. Spencer v. Freedy*, 198 Wis. 388, 223 N. W. 861; *Santry v. State*, 67 Wis. 65, 30 N. W. 226; *State ex rel. Robertson v. Steele*, 117 Minn. 384, 135 N. W. 1128.

*By the Court.*—Order affirmed.