STATE EX REL. E. W. DECKER AND OTHERS v. DISTRICT COURT
OF CLAY COUNTY AND OTHERS.[1]

November 23, 1934.

Nos. 30,342, 30,343.

*Claude G. Krause, F. H. Stinchfield, C. G. Dosland,* and *James M. Witherow,*
for petitioners.

*Harry H. Peterson,* Attorney General, *Roy C. Frank* and *Roger S. Rutchick,*
Assistant Attorneys General, *W. E. G. Watson* and *Garfield H. Rustad,* Spe-
cial Assistant Attorneys General, and *James A. Garrity,* County Attorney,
for respondents.

*PER CURIAM.*

Upon the petitioners' application this court issued an alternative writ of
*mandamus* for respondents to show cause why a peremptory writ should not
issue requiring them to certify and return to the clerk of the district court
of Clay county, this state, all the testimony taken and adduced in the ex-
amination of complainant Herman Bosshard and others, before respondents
sitting as committing magistrates on September 22, 1934, pursuant to
2 Mason Minn. St. 1927, § 10577, and wherein such complaint was reduced
to writing, subscribed and sworn to by said Bosshard, and upon which re-
spondents issued a warrant charging petitioners with the crime of grand
larceny.

Now on this day set for hearing of the application for peremptory writ,
the parties appeared, and the attorney general having moved to quash the

[1]Reported in 257 N. W. 340.

proceedings on the ground that the petition and writ do not state a cause of action, and having heard the parties and being duly advised in the premises, the motion of respondents is granted, for the reason that the testimony taken by a committing magistrate under 2 Mason Minn. St. 1927, § 10577, need not be reduced to writing or certified and returned to the clerk of the district court under the provisions of § 10592, herein adopting and following the construction of almost identical statutes of the state of Wisconsin in State ex rel. Schroeder v. Page, 206 Wis. 611, 240 N. W. 173. It need scarcely be said that this ruling is without prejudice to petitioners' right to apply to the trial court for any relief which judicial discretion may grant in regard to examination of writings within the reach of the court. The trial court's action in such matters, however, cannot be controlled by *mandamus,* but is left to be reviewed on appeal or *certiorari* after trial.

It is therefore ordered that the writ issued herein and this proceeding be quashed, and the stays granted thereby are hereby vacated and set aside, however, without prejudice to any motion or step which petitioners may deem advisable to submit to the trial court, and the petitioners are granted the right to move the trial court on or before November 28, 1934, to quash the information.