**Lois Jean SMITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44184.**

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

Rehearing Denied Jan. 18, 1972.

Bob Hillin, Dallas, for appellant.

Henry Wade, Dist. Atty., and John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The offense is assault with intent to commit murder with malice aforethought. The jury assessed punishment at twelve years.

Although there are conflicts in the evidence, its sufficiency to support the conviction is not challenged. The evidence shows Clifton Hancock, the victim of the assault, was a former boyfriend of the appellant. The shooting occurred in a lounge where the parties had had a fight on at least one prior occasion. After threats were exchanged, Hancock was struck in the arm and back by two small caliber pistol shots fired by the appellant.

Appellant testified, claiming self-defense, and made application for probation.

The appellant's first two grounds of error complain that without her express waiver, out of her presence and not in open court, the trial court communicated with and gave additional instructions to the jury during their deliberation at the punishment stage of the proceedings in violation of Art. 36.27, Vernon's Ann.C.C.P.

These grounds of error are presented by a formal Bill of Exception which reads as follows:

"Be it remembered that upon the trial of this cause, the jury retired for the deliberation upon the punishment and then later sent out a note and the following proceedings were had out of the presence of the jury and the defendant:

"'THE COURT: Let the record show that the jury returned a note and the defense attorney agrees that the Court can answer the question and return it to them without bringing in the jury back into the courtroom.'

"Whereupon the Judge answered the note by agreement of counsel:

"'In event that we the jury assess 10 or less years without a probation recommendation is it within the legal power of the *court* to grant probation?

C. R. McBride
Foreman'

"'*Yes* but this should not be considered.

Ed Gossett, Judge'

"and the note returned to the jury by the Bailiff whereupon the jury returned into court with their verdict.

"Defendant here now tenders her bill of exception No. 1 and asks that same be approved, allowed, signed by the court and filed as a part of the record in this case.

/s/   Bob Hillin
      Bob Hillin
      Attorney for Defendant

"The above and foregoing bill of exception is approved by the court on this 30 day of July, 1970, and ordered filed by the clerk.

/s/   Ed Gossett
      Judge

"Defense attorney agrees that note was answered correctly and made no objection to same.

/s/   Ed Gossett, Judge"

Art. 36.27, V.A.C.C.P. 1965 provides:

"When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel _or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.

"All such proceedings in felony cases, shall be a part of the record and recorded by the court reporter."

Does appellant's Bill of Exception reflect error in view of Art. 36.27, V.A.C.C.P. as he urges?

■  A formal bill of exception must be complete within itself and make manifest the error it purports to show. It must show that the act or ruling complained of could not have been correct. 1 Branch's Ann.P.C. 263, Sec. 229, et seq.; 5 Tex.Jur. 2d 318, App. and Err.—Crim., Sec. 195.

The presumption is that the act or the ruling of the trial court is correct. The appellant has the burden of showing that it is not. 1 Branch's Ann.P.C. 263, Sec. 229, et seq.; 5 Tex.Jur.2d 318, App. and Err.—Crim., Sec. 195.

■  Appellant's bill fails to show that the appellant did not expressly waive the reading of the jury's note and the court's answer in open court and out of her presence. The bill shows only that appellant was not present at the time of this proceeding. Under the provisions of Art. 36.-27, V.A.C.C.P., she could have in fact done this; therefore, the bill does not reflect error because the presumption that the trial court acted correctly will obtain. The error urged not being reflected by the Bill of Exception, the first two grounds of error are overruled.

■  In holding that this Bill of Exception fails to reflect error, we are not approving the procedure followed. Both the court and counsel should see that the provisions of Art. 36.27, V.A.C.C.P. are followed. The court's communication should be by written instruction in open court unless expressly waived by the *defendant*. When the jury poses a question, the court reporter should be required to make an accurate record of the proceeding, including the presence or absence of the defendant and defense counsel. The jury's question in this instance should have been answered in a manner similar to this: "The court under the law is not permitted to answer the question which you have presented. Please consider only the in-

structions which have already been given and continue with your deliberations."

■ The appellant's third ground of error complains that the arresting officer was permitted to testify over objection that appellant made a statement to the effect "I am sorry I did not kill him this time but I will next time." Arresting officers called to the scene of the shooting responded to the call within ten or fifteen minutes. About fifteen minutes after the officers arrived at the scene, they put the appellant in the squad car. It was at this time that she made the statement. The officer testified appellant was "angry, upset and mad", when she made the statement. It was made before leaving the scene. It was not made in response to a question. The statement appears to have been spontaneous and instinctive and therefore admissible as a res gestae statement. See DeHart v. State, Tex.Cr.App., 468 S.W.2d 435; Fisk v. State, Tex.Cr.App., 432 S.W.2d 912; Jones v. State, Tex.Cr.App., 458 S.W.2d 654 and Ramos v. State, Tex.Cr.App., 419 S.W.2d 359.

Each case must be examined as to its own facts to determine whether a statement is res gestae. It would not be helpful to distinguish each of the cases cited by appellant. One of the cases relied upon by the appellant is Dowling v. State, 164 Tex.Cr.R. 650, 301 S.W.2d 920 and the court's admonishment concerning a similar statement. In the second trial of that case, the statement shown to have been made while defendant was nervous and excited was held properly admitted. Dowling v. State, 317 S.W.2d 533, 167 Tex.Cr.R. 43.

■ Acts and declarations which are res gestae are admissible notwithstanding they may not be admissible as confessions or admissions. The rule admitting res gestae statements has been said to be independent of, superior to and is not limited by the rules relating to confessions or admissions after arrest. Jones v. State, supra, and cases therein cited.

Appellant argues that the admission of this statement was harmful to her plea of self-defense. It was harmful in the sense that all evidence tending to show guilt is harmful. We are convinced it was a res gestae statement and properly admitted. This ground of error is overruled.

■ The fourth ground of error is that the appellant was not permitted to show that she had once been "no billed" by the grand jury for this offense. A prior "no bill" by the grand jury is not material in any way to the defense of a case. This evidence was properly excluded.

■ The appellant's grounds of error no. 5 and 6 urge that it was error to permit the state to show that Clifton Hancock, the victim of appellant's assault, was now dead and to argue that because of his death he was not at the trial to testify. Considering the whole record, we disagree. The jury was entitled to know why the assault to murder victim was not there to testify. The neglect in Hancock's treatment as the probable cause of his death was fully explained before the jury. The pathologist's opinion, who performed the autopsy on Hancock's body, was that Hancock's death resulted from being given too much oxygen under pressure during treatment. In the pathologist's opinion, the shot wounds did not cause his death. The oxygen caused damage to the lungs, resulting in respiratory troubles and death. It would not appear that any unfair inference could have been drawn against the appellant from this testimony. Such evidence has been held to be admissible. Martinez v. State, 306 S.W.2d 131, 165 Tex.Cr.R. 244.

Grounds designated 7 and 8, but not briefed by appellant, are without merit and do not meet the requirements for our consideration under the provisions of Art. 40.-09, Sec. 9, V.A.C.C.P.

The judgment is affirmed.

Opinion approved by the Court.