DORIS J. HANSON, Chairman, Public Records Board
The Public Records Board requests my opinion on the following questions:
 1. Under what authority may school districts destroy records?
 2. May the State Superintendent of Public Instruction or the State Public Records Board establish minimum retention periods for local school districts' records which contain information used to report to the Superintendent of Public Instruction?
I have been unable to find any statute which specifically authorizes school districts to destroy records. Section 118.125
(3), Stats., created by ch. 254, Laws of 1973, does grant each school board power to adopt rules establishing the time pupilrecords shall be maintained, places a limitation on the time pupil behavioral records may be maintained and by implication empowers school boards to destroy those records without need of tender to the State Historical Society. This new law becomes effective at the beginning of the 1974 school year.
Under sec. 120.13 (12), Stats., a common school district can:
 "120.13 (12) Historical records. Under s. 44.09, transfer title to any school records to the state historical society which *Page 273 
are no longer needed for the proper administration of the school district and which the society determines are of permanent historical interest."
Section 44.09, Stats., provides in part:
 "44.09 County, local and court records. The proper officer of any county, city, village, town, school district or other local governmental unit may offer, and the historical society may accept for preservation, title to such noncurrent records as in the historical society's judgment are of permanent historical value and which are no longer needed for administrative purposes by such local governmental unit. . . ."
Section 44.10, Stats., permits the historical society power to establish regional depositories which can house school district records of historical value.
By reason of secs. 120.49 and 120.75, Stats., the power to transfer records to the historical society would be within powers of a city school district or unified school district. Section19.23 (2), Stats., is applicable to all school districts including those of cities of the first class, and provides:
 "19.23 (2) The proper officer of any county, city, village, town, school district or other local governmental unit, may under s. 44.09 offer title and transfer custody to the historical society of any records deemed by the society to be of permanent historical importance."
Under general law in the United States, public records are the property of the state or other unit of government and not of the individual or officer who happens at the moment to have them in possession. When they are deposited in the place designated for them by law, they must remain and can be removed, transferred, or disposed of only as provided by statute. 66 Am. Jur. 2d, Recordsand Recording Laws, sec. 10, p. 347.
In 38 OAG 22 (1949), it was stated that under then existing law municipal clerks could not, absent specific statute, destroy or transfer to the State Historical Society noncurrent public records.
Statutes with respect to cities, villages, and towns have been changed to permit transfer and destruction under certain conditions. *Page 274 
No change has been made with respect to destruction as far as school districts are concerned except as to pupil records. With respect to school districts other than city school districts, I am of the opinion that the reasoning in 38 OAG 22 (1949) would apply to school records other than pupil records which are public records within the meaning of sec. 19.21 (1), Stats., except as is herein modified.
Section 120.41 (1), Stats., provides that a city school system does not constitute a separate legal entity. Chapter 119, Stats., grants the school board in cities of the first class substantial independence. It is nevertheless closely tied to the city as the city provides the money and owns the physical property of the school system. Village of Brown Deer v. City of Milwaukee (1956),274 Wis. 50, 79 N.W.2d 340.
Section 19.21 (5), Stats., provides in part:
 "19.21 (5) (a) Any city council or village board may provide by ordinance for the destruction of obsolete public records. Prior to any such destruction at least 60 days' notice in writing of such destruction shall be given the historical society which shall preserve any such records it determines to be of historical interest. The historical society may, upon application, waive such notice. . . ."
 "(b) The period of time any city or village public record shall be kept before destruction shall be as prescribed by ordinance unless a specific period of time is provided by statute. The period prescribed in such ordinance shall be not less than 2 years with respect to water stubs, receipts of current billings and customer's ledgers of any municipal utility, and 7 years for other records unless a shorter period has been fixed by the public records board pursuant to s. 16.80 (3) (e)."
I am of the opinion that a city council of a city operating a city school district or city council of a city of the first class could, with the cooperation of the respective school board, provide by ordinance for the destruction of obsolete public records of such school district if the terms of sec. 19.21 (5), Stats., are met.
Your inquiry mentions "school records," and a most difficult question is presented as to what are "public records," insofar as school districts are concerned, within the meaning of sec. 19.21
(1) and (3), Stats., which provides: *Page 275 
 "19.21 (1) Each and every officer of the state, or of any county, town, city, village, school district, or other municipality or district, is the legal custodian of and shall safely keep and preserve all property and things received from his predecessor or other persons and required by law to be filed, deposited, or kept in his office, or which are in the lawful possession or control of himself or his deputies, or to the possession or control of which he or they may be lawfully entitled, as such officers."
"***
 "19.21 (3) Upon the expiration of his term of office, or whenever his office becomes vacant, each such officer, or on his death his legal representative, shall on demand deliver to his successor all such property and things then in his custody, and his successor shall receipt therefor to said officer, who shall file said receipt, as the case may be, in the office of the secretary of state, county clerk, town clerk, city clerk, village clerk, school district clerk, or clerk or other secretarial officer of the municipality or district, respectively; but if a vacancy occurs before such successor is qualified, such property and things shall be delivered to and be receipted for by such secretary or clerk, respectively, on behalf of the successor, to be delivered to such successor upon the latter's receipt."
Independent of statute, "public records" include not only papers specifically required to be kept by a public officer, but all written memorials made by a public officer within his authority where such writings constitute a convenient, appropriate, or customary method of discharging the duties of the office. International Union v. Gooding (1947), 251 Wis. 362,29 N.W.2d 730.
Section 19.21 (1), Stats., goes much further than this in defining public records in Wisconsin. However, even theInternational Union case recognizes that this section does not require an officer to keep, file, and ultimately deliver to his successor every paper or communication without respect to the relation of the paper to the functions of the office but that an officer may dispose of purely fugitive papers having no relation to the function of the office. 38 OAG 22, 23 (1949). *Page 276 
Section 16.80 (2) (a), Stats., provides that insofar as state agencies are involved:
 "16.80 (2) (a) `Public records' means all books, papers, maps, photographs, films, recordings, or other documentary materials or any copy thereof, regardless of physical form or characteristics, made, or received
by any agency of the state or its officers or employes in connection with the transaction of public business and retained by that agency or its successor as evidence of its activities or functions because of the information contained therein; . . ." (Emphasis added.)
While this definition is not directly applicable to school districts, it is a codification of case law with respect to the definition of public records. It recognizes that an officer has the right to determine whether a paper which is not required by law or valid rule to be filed, deposited, or kept in his office, should be retained as evidence of the activities or functions because of the information contained therein.
I am of the opinion that officers covered by sec. 19.21 (1) and (3), Stats., have the same power and that such power permits the destruction of fugitive papers, scrap paper, and in some cases, preliminary work sheets, drafts, surplus copies, etc.
A given paper may be a public record within the meaning of sec.19.21 (1), Stats., for the purposes of inspection and copying as long as it is in the lawful possession or control of an officer, or his deputies, but may not necessarily be one which said officer is required to preserve under sec. 19.21 (1), Stats., or to deliver to his successor under sec. 19.21 (3), Stats. Under the latter statute he need only deliver "all such property and things then in his custody." There are many documents which may lawfully come into the hands of a public officer over which he is only entitled to temporary custody and which may or must be surrendered to the person owning the same or for other purposes. For example, certificates of bonds must be delivered when sold or at maturity.
All records of a school district are not necessarily public records under sec. 19.21 (1), Stats. Section 16.80 (2) (a), Stats., which defines state public records, covers matters "made,or received by any agency of the state or its officers oremployes . . ." (Emphasis added.) Section 19.21 (1), Stats., is only concerned with "Each and every *Page 277 officer of . . . any . . . school district" and covers materials "received from his predecessor or other persons and required bylaw to be filed, deposited, or kept in his office or which are in the lawful possession or control of himself or his deputies, or to the possession or control of which he or they may be lawfully entitled, as such officers." (Emphasis added.)
Certainly the records of the board or those kept by any officer of the board or to which they were lawfully entitled would be public records within sec. 19.21 (1), Stats. There is a question, however, as to whether a superintendent or teacher is a deputy within the meaning of the statute. For purposes of sec. 19.21
(1), Stats., I would construe "officers" of the district as including superintendents and principals and would treat public records as including scholastic and administrative records in their offices. It is questionable whether teachers are deputies of any school board officer. They may be deputies of the superintendent or principal within the meaning of sec. 19.21 (1), Stats. We need not here determine whether pupils' work products including examination papers are public records within the meaning of sec. 19.21 (1), Stats. Even if they are, it is my opinion that they can be returned to and kept or destroyed by the pupil after record is made without violation of sec. 19.21 (1), Stats. It is my opinion that pupil records including behavioral records and progress records which are required to be kept are public records.
In Valentine v. Independent School Dist. (Iowa 1919), 174 N.W. 334, it was held that in a graded school system, records of attainment of individual pupils must be kept, that such records are the property of the school district and not of the teacher, principal, or superintendent, and are public records to which the pupil is entitled.
Section 118.125 (1), Stats., created by ch. 254, Laws of 1973, provides:
 "118.125 PUPIL RECORDS. (1) DEFINITIONS. In this section:
 "(a) `Pupil records' means all records relating to individual pupils maintained by an elementary or high school but does not include notes or records maintained for personal use by a teacher or other person who is required by the department under s. 115.28 (7) to hold a certificate, license or permit if such *Page 278 
records and notes are not available to others nor does it include records necessary for, and available only to persons involved in, the psychological treatment of a pupil.
 "(b) `Behavioral records' means those pupil records which include psychological tests, personality evaluations, records of conversations, any written statement relating specifically to an individual pupil's behavior, tests relating specifically to achievement or measurement of ability, the pupil's physical health records and any other pupil records which are not progress records.
 "(c) `Progress records' means those pupil records which include the pupil's grades, a statement of the courses the pupil has taken, the pupil's attendance record and records of the pupil's school extracurricular activities."
Section 118.125 (2), Stats., provides that such pupil records are confidential except as is expressly provided in pars. (a) to (g).
In Board of School Director of Milwaukee v. WERC (1969),42 Wis.2d 637, 655, 168 N.W.2d 92, it was held that the names, addresses, salaries, and working conditions of teachers are a matter of public record and that the district could not grant exclusive access to anyone.
Records concerning school administration, school building plans, curriculum development, growth projections, annual meetings, budget, and state and federal aids would be covered by the same rule.
In view of the above, it is evident that further legislation would be desirable to establish procedures for the orderly transfer or destruction of all noncurrent records of school districts.
With respect to your second question, it can be stated that the Public Records Board and the State Superintendent of Public Instruction have only those powers which are specifically provided by statute or necessarily implied.
I find no statute which would permit the Public Records Board to establish minimum retention periods for all school districts.
Under sec. 16.80 (3) (e), Stats., the Public Records Board has power to establish the minimum period of time before destruction of *Page 279 
any city or village record. Since the records of city school districts and districts in cities of the first class are city records, in the broad sense, the Public Records Board could establish minimum retention periods applicable to such districts for public records other than pupil records.
As noted above, sec. 19.21 (1) and (3), Stats., places a duty on school district officers to preserve public records and transfer them to their successors. The statutes do not provide a method for the destruction of records with the exception of pupil records and those of city school districts acting in cooperation with the respective city council. It is questionable whether there is a need for the State Superintendent to set minimum periods of retention in most cases. However, since sec. 115.28
(3), Stats., does require the State Superintendent to supervise and inspect public schools and advise principals and local authorities thereof, and since sec. 115.30, Stats., provides that the Department of Public Instruction may require certain reports, it is my opinion that the State Superintendent could by rule prescribe minimum periods of retention of school district records which contain information on which reports to the State Department of Public Instruction are based. There is a need for legislation in this area also.
RWW:RJV