TED FISCHER, City Attorney City of Eau Claire
Pursuant to sec. 19.98, Stats., you request my opinion whether the common council is "formed for or meeting for the purpose of collective bargaining under subch. IV or V of ch. 111," and is therefore not a "governmental body" within the meaning of sec.19.82 (1), Stats., when it hears a grievance under the procedure established under the signed contract, which grievance involves a dispute as to the change of work hours of mechanics at the city shops. The contract provides that when the council fails to determine the grievance within a given time or renders an opinion unfavorable to the union, the matter may be taken before an arbitrator.
You indicate that the council has taken a position that the hearing should be open to the public and that the union has taken the position that the council is not a governmental body within the meaning of sec. 19.82 (1), Stats., and that the hearing should be closed unless the employe or union agrees to have it open.
I am of the opinion, however, that under the facts stated, the common council is engaged in collective bargaining when it hears and decides the type of dispute referred to and hence is not a "governmental body" when meeting for that purpose and that most portions of the open meeting law are not applicable to that given situation.
Section 1 9.82 (1), Stats., provides:
 "Governmental body" means a state or local agency, board, commission, committee, council. department or public body *Page 277 
corporate and politic created by constitution, statute, ordinance, rule or order; a governmental or quasi-governmental corporation; or a formally constituted subunit of any of the foregoing, but excludes any such body or committee or subunit of such body which is formed for or meeting for the purpose of collective bargaining under subch. IV or V of ch. 111.
Since the above section specifically refers to "collective bargaining under subch. IV or V of ch. 111," Stats., the definition in sec. 111.70 (1)(d), Stats., is applicable and provides in material part:
 "Collective bargaining" means the performance of the mutual obligation of a municipal employer, through its officers and agents, and the representatives of its employes, to meet and confer at reasonable times, in good faith, with respect to wages, hours and conditions of employment with the intention of reaching an agreement, or to resolve questions arising under such an agreement.
The statute contemplates that collective bargaining does not terminate when a contract is reduced to writing and is signed but may be utilized to resolve questions arising under the agreement, even where the procedure to resolve such questions is, at least in part, controlled by the agreement.
The advice herein given does not express an opinion whether the hearings should be open or closed, but only that the treatment of grievances under a collective bargaining agreement constitutes collective bargaining which is exempt from the open meeting law.
BCL:RJV