MARK A. MANGERSON, District Attorney Oneida County
You ask whether district attorneys are authorized by law to destroy closed files, and, if so, whether any such authorization is limited in terms of time and content.
A preliminary inquiry must be whether there is some legal requirement that district attorneys retain closed files, for, unless there is an express obligation to preserve them in the first place, there is no need for an express authorization to destroy them later.
I am unaware of any provision of law which requires district attorneys to retain closed files as such. Section 19.21 (1), Stats., however, requires district attorneys, as county officers, to preserve some papers in the nature of public records which ordinarily are placed in their files. That statute directs every public officer to:
 [S]afely keep and preserve all property and things received from his predecessor or other persons and required by law to be filed, deposited, or kept in his office, or which are in the lawful possession or control of himself or his deputies, or to the possession or control of which he or they may be lawfully entitled, as such officers.
Although at first glance this language appears to compel the preservation of every item that ever comes into the possession or control of district attorneys, as long as their possession of it is not illegal, in my opinion the statute should be construed more sensibly to require only the preservation of papers of a documentary nature, evidencing the activities of the prosecutor's office.
Such a construction is suggested by the carefully limited opinion of the supreme court in International Union v. Gooding,251 Wis. 362, 29 N.W.2d 730 (1947). The court made clear that public officers were not constrained by the preservation statute to keep "purely fugitive papers having no relation to the function of the office." Id., 251 Wis. at 370, 371. And, while the court declined to list the items which are required to be preserved, it limited those things generally to papers specifically required to be kept by public officers, and to "written memorials" made by public officers within their *Page 19 
authority when the writings "constitute a convenient, appropriate, or customary method of discharging the duties of the office." Id. at 371. Use of the word "memorials," which the opinion's subsequent discussion shows was informed, indicates that those papers which are required to be preserved are ones which were written at least in part for the purpose of preserving remembrance or memory of what the author had done to discharge the duties of his office. See generally Webster's Third NewInternational Dictionary, "memorial," p. 1409.
That same construction also is suggested by a recent opinion of this office. 63 Op. Att'y Gen. 272, 276 (1974) indicated that sec. 19.21 (1), Stats., was to be read in pari materia with what is now sec. 16.61, Stats., providing more particularly for the preservation and destruction of the records of state agencies and officers. Those state records which are required to be retained are "documentary materials" made or received "in connection with the transaction of public business and retained by that agency or its successor as evidence of its activities or functions because of the information they contain." Sec. 16.61 (2)(a), Stats.
Viewing sec. 19.21 (1) together with secs. 59.715, 59.716 and 59.717, Stats., which expressly permit the destruction of specified county records, further supports the construction that I find appropriate. In naming the records which might be destroyed, the Legislature provided insight into the sort of records which it had intended county officers to preserve. Each of the records enumerated is a documentary memorial of some sort.
It is not practical to list all the types of papers which district attorneys must preserve as public records pursuant to sec. 19.21 (1), Stats. As a rule of thumb, though, these include such documents as a district attorney would want his predecessor to have placed and retained in a file if he were attempting later to learn what had occurred in a case. Examples include statements of witnesses, reports of scientific testing, charging documents, transcripts, motions with supporting affidavits and legal memoranda and written decisions of the court.
In identifying these documents as public records I do not mean to intimate that they necessarily are open to public inspection. It long has been the rule that documentary evidence in the files of a district attorney constitutes an exception to the rule permitting citizens to inspect papers in the possession of public officials. State ex rel. Lynch *Page 20 v. County Court, 82 Wis.2d 454, 463-468, 262 N.W.2d 773 (1978);International Union v. Gooding, 251 Wis. at 372. See also Beckonv. Emery, 36 Wis.2d 510, 516, 153 N.W.2d 501 (1967); State exrel. Youmans v. Owens, 28 Wis.2d 672, 681, 137 N.W.2d 470
(1965).
Informal notations having particular significance only to the person who prepares a file need not be retained. As was recognized in 63 Op. Att'y Gen. 272, supra at 276, county officers have discretion to destroy fugitive papers, scrap papers, work sheets, preliminary drafts, surplus copies and similar papers deemed unnecessary to evidence the functions and activities of their respective offices. See also InternationalUnion v. Gooding, 251 Wis. at 371, 372.
Regrettably, I have been unable to find any provision of law which permits district attorneys to destroy after a time those papers which they initially are required to retain. Since the Legislature has provided for the destruction of the records of all state officers, secs. 16.61 (4) and (5), Stats., of all municipal officers, secs. 19.21 (5) and (6), Stats., and of many county officers including county courts, secs. 59.715, 59.716 and 59.717, Stats., it seems that failure to provide for the destruction of the records of district attorneys is simple oversight. Perhaps appropriate remedial legislation paralleling sec. 59.715 (20), Stats., dealing with court records and exhibits, could be proposed by the Wisconsin District Attorneys Association.
Since any records which might be subject to discovery by the defense in the event a new trial is ordered must be preserved as public records, there is no need to discuss further your next question, whether a district attorney must preserve some of his records on the contingency that a conviction may be reopened at some subsequent time.
BCL:TJB