KEITH R. ZEHMS, Corporation Counsel Eau Claire County
You have requested my opinion as to whether records relating to labor grievances of Eau Claire County employes are accessible under the state public records law in subchapter II of chapter 19, Stats.
Apparently the records are kept by the county's personnel director. Therefore, they are "records" kept by an "authority" as those terms are defined in section 19.32. As such, there is "a presumption of complete public access . . ." since "denial of public access generally is contrary to the public interest, and only in an exceptional case may access be denied." Sec. 19.31, Stats.
Section 19.35(1)(a) states:
 Access to records; fees. (1) RIGHT TO INSPECTION. (a) Except as otherwise provided by law, any requester has a right to inspect any record. Substantive common law principles construing the right to inspect, copy or receive copies of records shall remain in effect. The exemptions to the requirement of a governmental body to meet in open session under s. 19.85 are indicative of public policy, but may be used as grounds for denying public access to a record only if the authority or legal custodian under s. 19.33 makes a specific demonstration that there is a need to restrict public access at the time that the request to inspect or copy the record is made.
This provision recognizes three possible bases for denying access to public records: (1) express statutory exemptions; (2) exemptions *Page 21 
under the open meetings law if the requisite demonstration is made; and (3) common law principles. The crux of the common law on public records is the "balancing test" which provides that the custodian "must balance the harm to the public interest from public examination of the records against the benefit to the public interest from opening these records to examination, giving much weight to the beneficial public interest in open public records." State ex rel. Bilder v. Delavan Tp., 112 Wis.2d 539,553, 334 N.W.2d 252 (1983).
Express statutory exemptions to the public records law are contemplated further in section 19.36(1), which reads as follows:
 Limitations upon access and withholding. (1) APPLICATION OF OTHER LAWS. Any record which is specifically exempted from disclosure by state or federal law or authorized to be exempted from disclosure by state law is exempt from disclosure under s. 19.35(1), except that any portion of that record which contains public information is open to public inspection as provided in sub. (6).
An example of an express statutory exemption is section 146.82
which makes patient health care records confidential. Another example is the confidentiality of pupil records under section118.125. In specific areas such as these, the Legislature has determined as a matter of public policy that the interests protected by confidentiality generally outweigh the interests that favor access to public records. Where such a statute exists, the inquiry usually need go no farther.
I have found no statute that expressly makes labor grievance records confidential.
As to exemptions under the open meetings law, you point out correctly that section 19.85(1)(a), (b), (c) and (f) indicates some legislative sensitivity to personnel matters. However, their scope is limited to such serious matters as those involving the investigation or discipline of a public employe or those where the information involved "would be likely to have a substantial adverse effect upon the reputation of . . . [the] person referred to . . ." if made public. I assume that relatively few grievances initiated by employes or their union representatives fall within these categories. For example, it seems unlikely that complaints about working conditions would fall within the purview of any of the cited exemptions in the open meetings law. Certainly *Page 22 
it cannot be said that the substance of all grievances would fall within such exemptions.
Moreover, just because a subject falls within the purview of an exemption to the open meetings law does not necessarily mean that a meeting to discuss that subject must be closed. Whether to go into a closed session based on any one of the exemption provisions is a discretionary matter for the governmental body, because section 19.85(1) merely states that "[a] closed sessionmay be held for any of the following purposes."
The fact that the exemption provisions may justify, but do not compel, a closed meeting is reflected in that part of section19.35(1)(a), which reads as follows:
 The exemptions to the requirement of a governmental body to meet in open session under s. 19.85 are indicative of public policy, but may be used as grounds for denying public access to a record only if the authority or legal custodian under s. 19.33 makes a specific demonstration that there is a need to restrict public access at the time that the request to inspect or copy the record is made.
The statute recognizes that in the exemption provisions the Legislature has identified categories of sensitive information, but the Legislature has not mandated that all such information be withheld all the time. In my opinion the exemptions under section19.85 may not be used as the basis for general blanket exceptions under the public records law. When exemptions to the open meetings law are relied on, section 19.35(1)(a) requires a case-by-case determination with respect to each request as of the time of the request. Any blanket custodial policy would be contrary to this requirement. 66 Op. Att'y Gen. 302, 306 (1977).
Likewise, it is my opinion that the common law balancing test must be applied by the custodian on a case-by-case basis. 63 Op. Att'y Gen. 400, 401 (1974).
As part of your request you advocate the position that the blanket confidentiality of grievance records is necessarily implied by section 19.82(1), which reads as follows:
 "Governmental body" means a state or local agency, board, commission, committee, council, department or public body corporate and politic created by constitution, statute, ordinance, rule *Page 23 
or order; a governmental or quasi-governmental corporation; or a formally constituted subunit of any of the foregoing, but excludes any such body or committee or subunit of such body which is formed for or meeting for the purpose of collective bargaining under subch. IV or V of ch. III.
You note that grievance procedures are considered to be an aspect of collective bargaining. Sec. 111.70(1)(d), Stats.; 67 Op. Att'y Gen. 276 (1978). You conclude that "[s]ince the treatment of grievances is exempt from the Open Meeting Law and the documentation of grievances is an integral part of the grievance procedure it follows that such documentation should be exempt from the Public Records Law."
Your reasoning and reliance on section 19.82(1) has some appeal, but I cannot embrace the breadth of your conclusion.
First, you would imply a blanket categorical exception to the public records law when the law itself states it will accommodate only specific statutory exemptions. Sec. 19.36(1), Stats.
Secondly, the exception of collective bargaining meetings from the open meetings law under section 19.82(1) is not as extensive as the exception to the public records law you would imply. Section 19.85(3) requires that the "final ratification or approval of a collective bargaining agreement . . ." be conducted in open session. Also, the exception in section 19.82(1) applies only to "governmental bodies." It would not apply to those steps in the grievance procedure which involve public employes and officials who do not constitute a "governmental body" as defined in section 19.82(1).
In my opinion the exception of collective bargaining meetings from the open meetings law under section 19.82(1) should be treated as the other exemptions under section 19.85 for the purpose of applying the public records law. Therefore, pursuant to section 19.35(1), the fact that collective bargaining meetings of governmental bodies are not subject to the open meetings law may be taken as an expression of public policy on the subject, but in order to deny access to the records involved the custodian must make "a specific demonstration that there is a need to restrict public access at the time that the request to inspect or copy the record is made."
BCL:RWL *Page 24