BARTLEY G. MAUCH, District Attorney Sauk County
In your letter of November 17, 1983, you express concern about access by the public to investigative reports in the prosecutor's office relating to alleged matricide and two counts of sororicide. In effect, your letter asks for my opinion as to the extent to which *Page 5 
prosecutors' files are subject to inspection under the public records law.
Section 19.35(1)(a), Stats., states:
 Access to records; fees. (1) RIGHT TO INSPECTION. (a) Except as otherwise provided by law, any requester has a right to inspect any record. Substantive common law principles construing the right to inspect, copy or receive copies of records shall remain in effect. The exemptions to the requirement of a governmental body to meet in open session under s. 19.85 are indicative of public policy, but may be used as grounds for denying public access to a record only if the authority or legal custodian under s. 19.33 makes a specific demonstration that there is a need to restrict public access at the time that the request to inspect or copy the record is made.
As stated in one of our recent opinions, 73 Op. Att'y Gen. 20-21 (1984) at 1-2:
 This provision recognizes three possible bases for denying access to public records: (1) express statutory exemptions; (2) exemptions under the open meetings law if the requisite demonstration is made; and (3) common law principles. The crux of the common law on public records is the "balancing test" which provides that the custodian "must balance the harm to the public interest from public examination of the records against the benefit to the public interest from opening these records to examination, giving much weight to the beneficial public interest in open public records." State ex rel. Bilder v. Delavan Tp., 112 Wis.2d 539, 553, 334 N.W.2d 252 (1983).
The common law also recognized some limitations on the public's right of access to public records. International Union v. Gooding,251 Wis. 362, 372, 29 N.W.2d 730 (1947).
A. Express statutory exemptions.
Section 19.36(1), Stats., provides:
 APPLICATION OF OTHER LAWS. Any record which is specifically exempted from disclosure by state or federal law or authorized to be exempted from disclosure by state law is exempt from disclosure under s. 19.35(1), except that any portion of that record which contains public information is open to public inspection as provided in sub. (6). *Page 6 
There is no statute specifically exempting prosecutors' files from disclosure. Therefore, section 19.36(1) is not available as a basis for generally denying access to such records under the public records law.
Section 19.36(2) establishes a categorical exemption for "investigative information obtained for law enforcement purposes . . ." if secrecy is required by federal law or regulations or as a condition to receipt of aids by this state. I am not aware of any federal law that would trigger the application of this subsection.
B. Exemptions under the open meetings law.
It is probable that most papers in a prosecutor's file arguably fall within the purview of the exemptions to the open meetings law set forth in section 19.85(1)(d), (f) and (g). They authorize a closed meeting for the purpose of:
 (d) Considering specific applications of probation or parole, or considering strategy for crime detection or prevention.
. . . .
 (f) Considering financial, medical, social or personal histories or disciplinary data of specific persons, preliminary consideration of specific personnel problems or the investigation of charges against specific persons except where par. (b) applies which, if discussed in public, would be likely to have a substantial adverse effect upon the reputation of any person referred to in such histories or data, or involved in such problems or investigations.
 (g) Conferring with legal counsel for the governmental body who is rendering oral or written advice concerning strategy to be adopted by the body with respect to litigation in which it is or is likely to become involved.
However, the fact that a record falls within the purview of an exemption to the open meetings law is not determinative. Section19.35(1)(a) requires in addition that the custodian make "a specific demonstration that there is a need to restrict public access at the time that the request to inspect or copy the record is made."
We have recently interpreted this statute as follows:
 The statute recognizes that in the exemption provisions the Legislature has identified categories of sensitive information, but *Page 7 
the Legislature has not mandated that all such information be withheld all the time. In my opinion the exemptions under section 19.85 may not be used as the basis for general blanket exceptions under the public records law. When exemptions to the open meetings law are relied on, section 19.35(1)(a) requires a case-by-case determination with respect to each request as of the time of the request. Any blanket custodial policy would be contrary to this requirement.
73 Op. Att'y Gen. 20 (1984) at 3.
C. Common law principles.
Discussing the earlier Gooding case which construed the first general public record statute enacted in 1917, the supreme court stated the following in State ex rel. Youmans v. Owens,28 Wis.2d 672, 680-81, 137 N.W.2d 470, 139 N.W.2d 241 (1965):
 However, merely because the papers sought to be inspected, although not required by law to be filed or kept by defendant, were in his lawful possession, did not automatically entitle petitioner to inspect them. The inspection provisions of sec. 18.01(1) and (2), Stats., were contained in a revisor's bill and prior to that enactment there existed no statute which attempted to spell out the rights of members of the public to inspect public records. The revisor's notes to sub. (2) of sec. 18.01 stated that this subsection "is believed to give expression to the general implied right of the public to consult public records." The court in the Gooding Case quoted this statement and then declared:
 "In view of the presumption that a revisor's bill is not intended to change the law we conclude that this is the scope of the section. While it is possible to contend that the words are so clear as not to be subject to construction we are of the view that the common-law right of the public to examine records and papers in the hands of an officer has not been extended.
 "We shall not go into the scope of the common-law right exhaustively or attempt to document our observations upon it. It is enough to say that there are numerous limitations under the common law upon the right of the public to examine papers that are in the hands of an officer as such officer. Documentary evidence in the hands of a district attorney, minutes of a grand jury, evidence in a divorce action ordered sealed by the court are typical. The list could be expanded but the foregoing is enough to illustrate *Page 8 
that in certain situations a paper may in the public interest be withheld from public inspection. Whatever limitations existed at common law still exist under sec. 18.01(2), Stats."
 An authoritative statement of the common-law right of inspection of public documents is that made by the Vermont court in Clement v. Graham as follows:
 "We think it may be safely said that at common law, when not detrimental to the public interest, the right to inspect public records and public documents exists with all persons who have a sufficient interest in the subject-matter thereof to answer the requirements of the law governing that question."
 Thus the right to inspect public documents and records at common law is not absolute. There may be situations where the harm done to the public interest may outweigh the right of a member of the public to have access to particular public records or documents. Thus, the one must be balanced against the other in determining whether to permit inspection.
The preservation of common law limitations is codified in the most recently enacted public records statutes. Section19.35(1)(a) reads in part: "RIGHT TO INSPECTION. (a) Except as otherwise provided by law, any requester has a right to inspect any record. Substantive common law principles construing the right to inspect, copy or receive copies of records shall remain in effect."
As noted by the court in Youmans above, one example of a common law limitation is documentary evidence in the hands of a district attorney. 28 Wis.2d at 680. Also, Gooding, 251 Wis. at 372. This limitation on the public records law was also acknowledged at 68 Op. Att'y Gen. 17, 19 (1979), although that opinion dealt with the issue of preservation of public records and not access. As examples of public records that needed to be preserved, the opinion cited "statements of witnesses, reports of scientific testing, charging documents, transcripts, motions with supporting affidavits and legal memoranda and written decisions of the court." The opinion continued:
 In identifying these documents as public records I do not mean to intimate that they necessarily are open to public inspection. It long has been the rule that documentary evidence in the files of a district attorney constitutes an exception to the rule *Page 9 
permitting citizens to inspect papers in the possession of public officials.
The phrase "documentary evidence" could be interpreted in the very narrow evidentiary sense, i.e., a document that may be admissible as evidence at trial. See ch. 889, Stats. or it could be interpreted in a broader sense to cover the papers in the file which constitute the physical information available to the prosecutor or papers created by the prosecutor. The former interpretation seems too narrow. The latter would be broad enough to be coextensive with the definition of "record" in section19.32(2).
I think the answer is best arrived at somewhat indirectly by evaluating the rights of a defendant with respect to the prosecutor's file.
One commentator found that:
 Wisconsin has consistently held to the common law doctrine that the defendant is not entitled to inspect the evidence and other information which the prosecution has gathered. The statement of the supreme court whenever the issue was raised has been, "One accused of crime enjoys no right to an inspection of evidence relied upon by the public authorities for his conviction."
49 Marq. L. Rev. 736, 746 (1965-66), with the following footnote to the quoted material:
 State ex rel. Spencer v. Freedy, 198 Wis. 388, 392; 223 N.W. 861, 862 (1929). This same statement is repeated in State ex rel. Schroeder v. Page, 206 Wis. 611, 240 N.W. 173 (1932); Steensland v. Hoppmann, 213 Wis. 593, 252 N.W. 146 (1934); State v. Herman, 219 Wis. 267, 262 N.W. 718 (1935). A similar statement is found in Santry v. State, 67 Wis. 65, 30 N.W. 226
(1886).
Now we could add State v. Miller, 35 Wis.2d 454, 474,151 N.W.2d 157 (1967).
The commentator found Wisconsin to be a conservative adherent to this common law restriction (49 Marq. L. Rev. at 749) and supposed that any statutory departure would be strictly construed (49 Marq. L. Rev. at 748).
The United States Supreme Court has created a qualification to this general rule. It requires prosecutors to divulge evidence that is material either to guilt or to punishment as a matter of constitutional *Page 10 
"due process." Brady v. State of Maryland, 373 U.S. 83, 86
(1963). However, even so, in this state the defense does not have access to the prosecutor's file prior to the preliminary examination unless it can show a particularized need. Matter ofState ex rel. Lynch v. County Ct., 82 Wis.2d 454, 468,262 N.W.2d 773 (1978). The prosecutor may deny inspection, and if it is eventually established that evidence was wrongfully withheld, the remedy is a new trial. 82 Wis.2d at 468.
In my opinion, logic compels the conclusion that if at common law a defendant could not have access to a prosecutor's file in his own case prior to trial, neither could the general public. Certainly the defendant's interest in his own file exceeds that of the general public. The defendant's interest is to know the accusations and evidence for and against him so he can evaluate his exposure and prepare his defense. Yet the defendant was denied access under the common law. It would be perverse to then allow access by everyone but the defendant by way of the public records law. Also it is obvious that the clear limitations on discovery could be circumvented easily if the same information could be obtained by the defendant by way of a public records request.
In my opinion, this logic amplifies the meaning of the more general statements at common law acknowledging limitations on access to documentary evidence in prosecutors' files. I believe that at common law any right of access under the public records law could not surpass the defendant's rights to discovery. Given the very limited purposes for which and circumstances under which a defendant could have any discovery of a prosecutor's file under common law, it must follow that the common law limitations on access are a complete bar to access to the prosecutor's file.
This issue has been considered with mixed results in the appellate courts of New York. One view is that material that is exempt from discovery in the context of litigation is exempt from disclosure under their public records law. A leading case isWestchester Rockland, Etc. v. Mosczydlowski, 396 N.Y.S.2d 857,58 A.D.2d 234 (1977). Contrapuntal is the decision in Lawler,Matusky Skelly Engineers v. Abrams, 443 N.Y.S.2d 973.111 Misc. 2d 356 (1981).
In my opinion the logic in favor of transferring common law limitations on discovery in criminal cases to the public records law is more persuasive. Therefore, it is my opinion that there is a *Page 11 
general common law limitation against access to prosecutor's files prior to completion of a trial.
The overriding interests that justify this limitation on the public's general "right to know" will often coincide with the interests recognized as justifying the secrecy of John Doe proceedings, to wit:
 (1) keeping a John Doe target from fleeing, or an arrested defendant from knowledge which might cause him to flee;
 (2) preventing defendants from collecting perjured testimony for the trial;
 (3) preventing those interested in thwarting the inquiry and tampering with prospective testimony or secreting evidence;
 (4) freeing witnesses from the threat of immediate retaliation; and
 (5) preventing testimony which may be mistaken or untrue or irrelevant from becoming public.
In re Wis. Family Counseling Services v. State, 95 Wis.2d 670,677, 291 N.W.2d 63 (Ct.App. 1980).
One could also add the concern for pretrial publicity.
Also present to support the secrecy of prosecutors' files, although not available to justify the blanket exemption by itself, is the doctrine of attorney work product which protects papers prepared by an attorney with respect to particular pending or imminent litigation. Youmans, 28 Wis.2d at 684. The United States Supreme Court has held recently that the protection of attorney's work product continues even after the litigation is over. FTC v. Groher, Inc., 103 S.Ct. 2209, 2215 (1983).
As stated in section 19.31, "it is declared to be the public policy of this state that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of those officers and employes who represent them." See Newspapers, Inc. v. Breier, 89 Wis.2d 417,433-38, 279 N.W.2d 179 (1979). The public interest to be served is not so much the "curiosity" interest in what accusations have been made and what evidence has been gathered against an individual. The public interest underlying the public records law is the interest in monitoring and evaluating how public officials discharge their responsibilities. *Page 12 
With respect to the performance of a prosecutor in a particular case, this evaluation will be much more knowledgeable and objective once the trial is over. It would likely unnecessarily interfere with the administration of justice if the public were allowed to look over the prosecutor's shoulder and proclaim what it sees while a prosecutor is preparing or presenting a case. At least, it is my opinion that the public's right to know and the interest in effective administration of the criminal justice system are harmonized and adequately served if prosecutors' files are exempt from disclosure during the investigative, pretrial and trial stages.
The next question then is whether prosecutors' files are open to public inspection after the trial. Employing the logic used above, it is appropriate to explore the extent to which a defendant has access to the state's file following the trial. We find once again that a defendant's rights are very limited.
The common law in this state is that subsequent to a trial a defendant has no right to inspect relevant portions of the state's files to determine whether they contained evidence in any way useful or helpful to him. Access would be constitutionally required only if there were a specific allegation that the prosecution had suppressed evidence which due process would require it to disclose. Britton v. State, 44 Wis.2d 109, 118-19,170 N.W.2d 785 (1969). Again, following the rationale used above. if a defendant has only a severely limited right to inspect the state's file for the defendant's case, it necessarily follows that the public at large cannot have a greater right by way of the public records law.
I am aware that our state statutes do now provide for an expanded right of discovery in criminal cases. Section 971.23 was created by chapter 255, Laws of 1969. The first paragraph of the accompanying Note states:
 NOTE: This section is the first Wisconsin statute attempting to afford pretrial discovery to both the State and the defendant. Based primarily upon F.R.Cr. P. 16, it is believed that the section represents an improvement in the existing pretrial procedures while protecting the basic rights of the parties. Limited pretrial discovery should increase the efficient administration of criminal justice in this state by speeding up the disposition of cases, improving the performance of counsel, eliminating the increasing number of pretrial motions and increasing the number of *Page 13 
guilty pleas. The section contemplates that most of the discovery provisions are to be implemented without the necessity for motions or court hearings.
This statutory liberalization of the common law regarding discovery in criminal cases does not affect the companion common law regarding access to public records. If the common law in the latter area is to be modified, that too requires a specific statutory modification.
What then of the public's right to have access to public records so it may monitor and evaluate the conduct and performance of public prosecutors? Surely they are not exempt from scrutiny and, indeed, the elected district attorneys should not be. The answer is that there is typically enough information available without access to the prosecutor's file. It starts in the police station. We know that the daily arrest log is absolutely open to public inspection. Breier, 89 Wis.2d 417. This makes "possible public oversight of the charging discretion of the prosecutor." 89 Wis.2d at 437. From checking court records, one may determine whether charges have been pressed and what they are. With few exceptions such as provided in section970.03(4), criminal pretrial hearings are open to the public. The trial is always open to the public. Documents relating to the litigation are available for public inspection if they have been filed or admitted in evidence and are not subject to a specific protective order of the court. These all can be evaluated by the press and the electorate. If the information is deemed inadequate, or an explanation is desired, the district attorney can be confronted directly. The sufficiency of his response may be evaluated and taken into account at the next election. The burden is on the district attorney to keep the public sufficiently informed so confidence in his performance is maintained. Lack of confidence will presumably result in failure to be reelected. It is this risk and burden a district attorney must bear in exchange for having his prosecutorial files closed to general public inspection.
It must be emphasized that this opinion has considered only those files which relate directly to a possible, pending or completed prosecution. Administrative files and other non-case related records in a prosecutor's office are public records fully subject to the provisions in subchapter II of chapter 19. As such there is a presumption *Page 14 
in favor of public access and nondisclosure will have to be evaluated on a case-by-case basis.
BCL:RWL