JUDITH A. TEMBY, Secretary Board of Regents
On behalf of the Board of Regents, you ask whether the final decision and order of the Council of Trustees of the University of *Page 157 
Wisconsin Hospital and Clinics regarding disciplinary action taken against a physician on the active medical staff is accessible under the public records law, section 19.31, Stats.,et seq.
You state that the Council of Trustees was created by the Board of Regents to govern the University Hospital and Clinics. In the instant matter, the Council of Trustees acted as the decision-maker of last resort in disciplinary proceedings against a physician on the active medical staff. The physician is an unclassified employe. All proceedings have been conducted in closed session pursuant to section 19.85 (1)(b) and bylaws of the medical staff.
You ask whether the Council of Trustees' final decision is accessible to the public under the public records law.
You have assumed that the requested documents are "records" within the definition in section 19.32 (2), and the Council of Trustees falls within the definition of an "authority" under section 19.32 (1). Therefore, there is a presumption in favor of public access and only in extraordinary cases may access be denied. Sec. 19.31, Stats. The analysis begins with section 19.35
(1)(a). which reads:
 Access to records; fees. (1) RIGHT TO INSPECTION. (a) Except as otherwise provided by law, any requester has a right to inspect any record. Substantive common law principles construing the right to inspect, copy or receive copies of records shall remain in effect. The exemptions to the requirement of a governmental body to meet in open session under s. 19.85 are indicative of public policy, but may be used as grounds for denying public access to a record only if the authority or legal custodian under s. 19.33 makes a specific demonstration that there is a need to restrict public access at the time that the request to inspect or copy the record is made.
As stated in 73 Op. Att'y Gen. 20-21 (1984):
 This provision recognizes three possible bases for denying access to public records: (1) express statutory exemptions; (2) exemptions under the open meetings law if the requisite demonstration is made; and (3) common law principles. The crux of the common law on public records is the "balancing test" which provides that the custodian "must balance the harm to the public interest from public examination of the records against the benefit to the public interest from opening these records to examination giving much weight to the beneficial public interest in open *Page 158 
public records." State ex rel. Bilder v. Delavan Tp., 112 Wis.2d 539, 553, 334 N.W.2d 252 (1983).
As to the first possible basis, I am not aware of any express statutory exemption that applies to the situation you pose.
As to the second, pertinent exemptions under section 19.85
authorize closed sessions for the following purposes:
 (a) Deliberating concerning a case which was the subject of any judicial or quasi-judicial trial or hearing before that governmental body.
 (b) Considering dismissal, demotion, licensing or discipline of any public employe or person licensed by a board or commission or the investigation of charges against such person, or considering the grant or denial of tenure for a university faculty member, and the taking of formal action on any such matter; provided that the faculty member or other public employe or person licensed is given actual notice of any evidentiary hearing which may be held prior to final action being taken and of any meeting at which final action may be taken. The notice shall contain a statement that the person has the right to demand that the evidentiary hearing or meeting be held in open session. This paragraph and par. (f) do not apply to any such evidentiary hearing or meeting where the employe or person licensed requests that an open session be held.
 (c) Considering employment, promotion, compensation or performance evaluation data of any public employe over which the governmental body has Jurisdiction or exercises responsibility.
. . . .
 (f) Considering financial, medical, social or personal histories or disciplinary data of specific persons, preliminary consideration of specific personnel problems
or the investigation of charges against specific persons except where par. (b) applies which, if discussed in public, would be likely to have a substantial adverse effect upon the reputation of any person referred to in such histories or data, or involved in such problems or investigations.
The relationship between section 19.35 (1)(a) and the exemptions to the open meetings law is as follows: *Page 159 
 The statute recognizes that in the exemption provisions the Legislature has identified categories of' sensitive information, but the Legislature has not mandated that all such information be withheld all the time. In my opinion the exemptions under section 19.85 may not be used as the basis for general blanket exceptions under the public records law. When exemptions to the open meetings law are relied on, section 19.35
(1)(a) requires a case-by-case determination with respect to each request as of the time of the request. Any blanket custodial policy would be contrary to this requirement.
73 Op. Att'y Gen. at 22. In accord, 73 Op. Att'y Gen. 26, 28 (1984) and 66 Op. Att'y Gen. 302, 306 (1977).
With the burden of decision-making comes the power to exercise discretion.
 The legislature has provided that the governmental unit, not the individual, has the power to open or close meetings and it is the legal custodian of the record, not the citizen, who has the right to have the record closed if the custodian makes a specific demonstration that there is a need to restrict public access at the time the request to inspect is made.
State ex rel. Bilder v. Delavan Tp., 112 Wis.2d 539, 558,334 N.W.2d 252 (1983).
You state that the attorney for the physician points to section230.13 as a basis for keeping records of disciplinary actions confidential. That statute does authorize the state Department of Employment Relations to keep closed records pertaining to "disciplinary actions." Sec. 230.13 (5), Stats. However, as a matter of express authority, the authority under section 230.13
is given only to the secretary of the Department of Employment Relations and the administrator of the Division of Merit Recruitment and Selection. I am advised by their offices that their custodial jurisdiction over personnel files extends only to employes in the classified service and not to any employes in the unclassified service. Their jurisdiction would not extend to faculty who are in the unclassified service. Sec. 230.08 (2)(d), Stats. Thus, neither would their discretionary authority under section 230.13 extend to personnel records of employes in the unclassified service.
It may be argued that even if section 230.13 does not technically apply to persons in the unclassified service, the statute does express *Page 160 
a legislative sensitivity to certain types of state personnel records and that sensitivity should extend to records of those in the unclassified service. But even if that were so, the authority under section 230.13 is discretionary. As with the exemptions to the open meetings law, I would expect the court to find this to be a matter of custodial discretion, not a personal right on the side of the individual involved. Bilder, 112 Wis.2d at 558.
Finally, it may very well be that the possible limitation on access to Department of Employment Relations records under section 230.13 would not affect access to the proceedings before and decision of a separate quasi-judicial body. This is certainly the case with respect to disciplinary matters that come before the state Personnel Commission. Although the commission will honor a request to keep a hearing closed, under section 230.44
(4)(a) the commission's decision and the transcript of proceedings are open to the public by virtue of section 230.45
(1)(h) and section PL 6.04 (4)(b) and (c) Wis. Adm. Code.
In your letter you state that the Board of Regents has "preliminarily concluded that the Final Decision and Order in the case before the Council of Trustees should be accessible to the public." Given the statutory presumption in favor of access to public records, and the discretionary nature of granting an exception, it is my opinion that a court would sustain your decision.
BCL: RWL